UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>GEORGE MARTINEZ RIDLEY,<br><br>    Defendant. | Case No. 19cr4905-DMS<br><br>PRELIMINARY ORDER<br>OF CRIMINAL FORFEITURE |

WHEREAS, pursuant to the terms of the Plea Agreement and Forfeiture Addendum between the parties, Defendant GEORGE MARTINEZ RIDLEY ("Defendant) consented to the forfeiture of all properties seized in connection with this case, including, but not limited to, all property, real or personal, that was used or intended to be used to commit or to promote the commission of the offense, and any property, real or personal, constituting gross profits or other proceeds obtained from the offense, as set forth in Counts 1-3 of the Information, which charged violations of 18 U.S.C. §§ 1591(a), (b), 1594(c), and 2422(b), and forfeitable pursuant to 18 U.S.C. § 1594(d), as charged in the Information; and

WHEREAS, on or about July 2, 2020, the Defendant pled guilty before Magistrate Judge Allison H. Goddard to Count 3 of the Information, which plea included consent to the forfeiture of all property seized in connection with the case, including forfeiture of all property constituting gross profits and other proceeds of the offense, and all property used

//

or intended to be used to commit or to promote the commission of the offense, including forfeiture of the following:

      a)      One Black iPhone 8 IMEI: 356111098049658; and

WHEREAS, by virtue of the facts set forth in the Plea Agreement and Forfeiture Addendum, the United States has established the requisite nexus between the forfeited property and the offense to which the Defendant has entered his guilty plea; and

WHEREAS, by virtue of said guilty plea, the United States is now entitled to possession of the black iPhone 8 IMEI: 356111098049658, pursuant to 18 U.S.C. §§ 1594 and 2253, and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the black iPhone 8 IMEI: 356111098049658 which is hereby found forfeitable by the Court; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.    Based upon the guilty plea of the Defendant and pursuant to 18 U.S.C. §§ 1594 and 2253, the United States is hereby authorized to take custody and control of the following asset, and all right, title and interest of Defendant GEORGE MARTINEZ RIDLEY in the following property are hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

      a)      One black iPhone 8 IMEI: 356111098049658.

2.    The aforementioned forfeited asset is to be held by the Drug Enforcement Administration ("DEA"), in its secure custody and control.

3.    Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties. The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third party petitions filed with the Court and served upon the United States. The Court may determine any petition without

the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

4. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited property must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

6. The United States must also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to 21 U.S.C. § 853(n) as to the aforementioned asset, in which all interests will be addressed.

//
//
//
//
//

8. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

Dated: October 20, 2020

_____
Hon. Dana M. Sabraw
United States District Judge